# APPENDIX.

Opinion of the Justices of the Supreme Judicial Court.

*Constitution of Maine—Art. IX of Amendments construed.*

Judges and registers of probate who have been elected to those offices, agreeably to the provisions of the amendment to Art. VI. of the Constitution of Maine (Art. IX, § 7), are entitled to hold them for a term of four years from the first day of January next succeeding their election, although their elected predecessors may have vacated their offices before the expiration of the full terms for which they were chosen.

Under the provisions of the Constitution, Art. VI, § 3, His Excellency, the Governor, asked the opinion of the court as to the true construction to be given to § 7 of that article as amended. The facts upon which the question arose appear in the subjoined correspondence.

AUGUSTA, Aug. 8, 1872.

HON. JOHN APPLETON, *Chief Justice of the Supreme Judicial Court of State of Maine.*

SIR.—I respectfully request that you give the opinion of the justices of the supreme judicial court upon the following facts:

At the September election of 1868, Joseph Bartlett, Esq., was elected Register of Probate for Penobscot county for four years, and on the first day of January following entered upon the duties of his office. On the first day of April, 1870, he deceased, and on the ninth day of April, 1870, Ambrose C. Flint was appointed by the governor Register of Probate to fill the vacancy until the

first day of January following, and accepted said appointment. At the September election of 1870, said Ambrose C. Flint was elected Register of Probate, and entered upon the duties of his office by virtue of said election, on the first day of January following.

The question presented is, whether said Flint by virtue of said election of September, 1870, holds his office for four years from January 1, 1871, or only for the unexpired part of the term for which said Bartlett was elected, ending December 31, 1872. In other words, whether an election should be holden the coming September for a Register of Probate for said county.

SIDNEY PERHAM, *Gov. of Maine.*

BANGOR, Aug. 10, 1872.

Pursuant to the foregoing request the undersigned answer your proposed inquiry as follows:

The sixth article of the Constitution of Maine was amended by adding the following section at the end of said article:

"Sect. 7. Judges and Registers of Probate shall be elected by the people of their respective counties, by a plurality of the votes given in at the annual election on the second Monday of September, and shall hold their offices for four years commencing on the first day of January next after their election. Vacancies occurring in said offices by death, resignation, or otherwise shall be filled by election in manner aforesaid at the September election next after their occurrence; and in the meantime the governor, with the advice and consent of the council, may fill said vacancies by appointment, and the persons so appointed shall hold their offices until the first day of January thereafter."

This provision of the constitution it will be noticed fixes the term for which Judges and Registers of Probate shall hold their offices (when *elected*) at four years. No other limitation is imposed, except in those cases where the incumbent holds by executive appointment.

In the case under consideration the incumbent holds by election, and we suppose the doubt raised concerning the term for which he was elected and entitled to hold, arises from the fact that Joseph

Bartlett, who was elected in 1868, deceased April 1, 1870, nearly two years before the expiration of the time mentioned in his commission.

So far as it concerns the office of Register of Probate, there would seem to be no necessity for fixing any different limitation to the term of office when filled by an election, made necessary by the decease of an incumbent, than one resulting from the expiration of time.

The framers of the constitution, contemplating the possible contingency of a vacancy in the office, arising from the death of an incumbent, provided a mode for immediately and temporarily filling it, and for a subsequent permanent filling of the office made thus vacant.

It was to be accomplished temporarily by executive appointment, for a term limited to the first day of January following the next September election thereafter, and permanently by election at the September election next after the occurrence.

It will be perceived that no other limitation than four years is imposed, except in cases of executive appointment. This term seems to be a fixed and positive term attached to an election. The only mode of permanently filling the office, however it becomes vacant, is by election, in which case the constitution says they " shall hold their office for four years." These provisions are clear and unambiguous, and no doubt concerning the question we apprehend would have arisen but for an opinion of this court given in 1863, upon a question concerning the election of a part of a board of County Commissioners. See the case and opinion in the 50th Maine, 606.

That case when examined will be found to be entirely different in its essentials and in the law governing its decision.

The court of county commissioners consists of a board of officers, the election of whom was so fixed by law as to occur upon different years. There was to be an annual election of one of its members. The mere expiration of time did not and could not leave the court vacant.

Vacancies might occur in the board by death or resignation. To

meet this contingency and still preserve the annual election of one of its members, the statute provided for a choice to fill the place which was vacant. R. S. of 1857, c. 78, § 3.

Considering the clearly expressed design of the legislature to elect the board upon different years, this phraseology of the statute was held to refer to the unexpired term. Such a construction was deemed not only reasonable, but necessary to maintain and preserve an essential element in the constitution of the court.

In the case under consideration no such reasons exist; and no such provisions of law are found.

No place upon a board of officers is to be filled. An office was vacant and has been filled in a constitutional manner so far as we are informed, and the only limitation fixed by law is four years.

This has been the construction adopted in a number of similar cases in this State, and we think the correct one.

Vacancies in this court, and in the superior court for the county of Cumberland, have always been filled and commissioned for the full constitutional limit, with no more or other reason for so doing, than in the case under consideration.

We therefore answer, that Ambrose C. Flint, by virtue of a due election in September, 1870, would be entitled to hold the office for four years from January 1, 1871.

JOHN APPLETON,
JONAS CUTTING,
EDWARD KENT,
C. W. WALTON,
J. G. DICKERSON,
WILLIAM G. BARROWS,
CHAS. DANFORTH,
RUFUS P. TAPLEY.